IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS ATWATER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:12-CV-0492 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| OFFICER SHAFFER, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

April 12, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Lewis Atwater ("Plaintiff" or "Atwater"), an inmate presently confined at the State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) Atwater has filed a Motion for leave to proceed *in forma pauperis* (Doc. 5) and therefore, the case presently is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth below, the request to proceed *in forma pauperis* will be granted for the sole purpose of filing the Complaint, and the Complaint will be dismissed with prejudice.

**I.    ALLEGATIONS OF THE COMPLAINT**

In his Complaint, filed on March 19, 2012, Atwater names Officer Shaffer of

the York County Police Department as the sole Defendant.  He alleges that, on April 9, 2009, he was "subjected to violative arresting procedures that violated [his] 4th Amendment right."  (Doc. 1 at 2.)  Atwater alleges that he was searched without any probable cause to believe that he was armed and dangerous and without any 911 calls or bulletins being issued.  (*Id.*)  He states that the evidence that was confiscated following the search led to his conviction and that he was held without due process of law in violation of the Fourteenth Amendment.  (*Id.*)  Atwater then indicates that he is attempting to access certain transcripts "to reference illegalities" and will provide documental evidence "upon trial, and/or request."  (*Id.*)  As relief, Atwater requests that this Court enter a "pardon" and also states that compensatory damages are "negotiable."  (*Id.*)  However, in a letter attached to the Complaint addressed to "Supreme Court Judge," Atwater states that he seeks a pardon and is not looking for monetary damages.  (*Id.* at 4.)

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted."  In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations.  *Morrison v.*

*Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, - - -, 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without

leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.  DISCUSSION

Atwater states at the outset of his Complaint that he is filing this lawsuit as a civil action under the provisions of 42 U.S.C. § 1983 to redress the deprivation of his constitutional rights and that he seeks declaratory and injunctive relief in the form of a pardon of his conviction.  (Doc. 1 at 1.)  He also indicates in his request for relief that compensatory damages are "negotiable."  (*Id.* at 2.)  It therefore is clear that Atwater seeks declarative, injunctive, and monetary relief for actions allegedly taken by Defendant with respect to his arrest that led to a criminal conviction.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

4

As set forth above, Atwater specifically seeks a pardon of his criminal conviction as well as compensatory damages. The award of these forms of relief would implicate the validity of Atwater's criminal conviction. He cannot assert the claim he sets forth in the instant action based upon allegedly unlawful acts that led to his conviction unless he can demonstrate that his conviction has been invalidated by the issuance of a writ of habeas corpus. It is apparent that Atwater is unable to make this showing where he requests that this Court issue a pardon of his conviction. Moreover, there is no indication that a petition for a writ of habeas corpus challenging his conviction ever has been filed let alone resolved in Atwater's favor.[1] Because Atwater's conviction has not been determined to be unlawful, it is appropriate to dismiss his claims asserted in this civil rights action pursuant to *Heck*.

## IV.   CONCLUSION

For the foregoing reasons, the Complaint will be dismissed for failure to state a claim upon which relief may be granted under the provisions of 28 U.S.C.

---

[1] Atwater states in his Complaint that he is attempting to access transcripts, presumably from his criminal trial, "to reference illegalities." (Doc. 1 at 2.) To the extent that Atwater seeks to challenge the validity of his conviction, it is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's confinement or to seek earlier or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1975). Thus, a civil rights action is not the proper mechanism for Atwater to challenge the validity of his criminal conviction. Atwater is free to file a habeas corpus petition if he so chooses; we express no opinion as to the ultimate success of any petition he chooses to file.

§ 1915(e)(2)(B)(ii).  Because no amendment to Atwater's Complaint would allow him to state a claim upon which relief may be granted, amendment would be futile, and thus, we shall dismiss the Complaint with prejudice.  *See Alston*, 363 F.3d at 235; *Grayson*, 293 F.3d at 108.

    An appropriate Order will issue on today's date.